UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER RENEE
HAACK,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Case No. 2:16-cv-14304
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION TO DISMISS HEALTH AND HUMAN SERVICES FOR FAILURE TO PROSECUTE

**I. RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant, Health and Human Services, for failure to serve within the time period required by Federal Rule of Civil Procedure 4(m).

**II. REPORT**

    **A. Background**

On December 9, 2016, Plaintiff, Heather Renee Haack, (who is represented by counsel), filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final decision of the Commissioner of Social Security denying her application for social security disability benefits. (DE 1.) She named as Defendants the Secretary of Health and Human Services ("HHS Defendant") and

Acting Commissioner Carolyn W. Colvin.  Commissioner Colvin was served and made an appearance in the case on January 30, 2017.

To date, the Secretary of Health and Human Services has not been served. On April 20, 2017, the Court issued an order for Plaintiff to show cause on or before May 4, 2017 as to why HHS had not been served.  Plaintiff did not file a response to the Court's order.

**B.  Discussion**

Rule 4(m) provides in relevant part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Here, the Court notified Plaintiff of the deficiency in its April 20, 2017 Show Cause Order.  (DE 12.)  Plaintiff did not respond to the show cause order, and therefore did not provide good cause for her failure to serve this Defendant.

It is likely that naming HHS separately, rather than just naming the Acting Commissioner, was simply a docketing mistake.  However, since Plaintiff has failed to respond, and in order to ensure the docket is correct, I recommend that the Court dismiss HHS without prejudice as a separate Defendant and leave the Acting Commissioner as the named party.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 22, 2017
        s/Anthony P. Patti
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 22, 2017, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti