UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER RENEE HAACK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 2:16-CV-14304
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND PURSUANT TO SENTENCE SIX OF § 405(g) (DE 21)**

**I.**     **RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for remand under

Sentence Six of § 405(g). (DE 21.)

**II.**     **REPORT**

      Plaintiff, Heather Renee Haack, brings this action under 42 U.S.C. § 405(g)

for review of a final decision of the Commissioner of Social Security

("Commissioner") denying her applications for social security disability insurance

(DI) benefits and supplemental security income (SSI) benefits. This matter is

before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for remand in accordance Sentence Six of 42 U.S.C. § 405(g).[1]

### A.    Background

Plaintiff initially filed an application for DI benefits on June 29, 2009, alleging that she had been disabled since May 22, 2009.  Administrative Law Judge (ALJ) Mary Ann Poulose issued a decision denying benefits in a decision dated April 21, 2011.  (R. at 165-80.)   Plaintiff reapplied for DI and SSI benefits on August 21, 2012, alleging an onset date of April 22, 2011.  (R. at 322-34.)  In a decision dated November 29, 2013, ALJ Melvyn Kalt granted Plaintiff a closed period of disability.  (R. at 215-33.)   However, the Appeals Council vacated the decision and remanded the case for a *de novo* hearing.  (R. at 236-40.)

ALJ Patricia S. McKay held a hearing on June 17, 2015, at which Plaintiff was represented by counsel.  (R. at 65-164.)  ALJ McKay determined that Plaintiff's condition had worsened since the first decision by ALJ Poulose, warranting a change in her severe impairments as well as her residual functional capacity, but that the findings regarding her past relevant work still apply and thus

---

[1] The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g)).

were adopted. (R. at 17-18.) On July 28, 2015, ALJ McKay determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 14-31.) Plaintiff requested review of the decision on September 11, 2015, and submitted additional medical evidence. (R. at 7-13, 665-73.) On October 27, 2016, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, ALJ McKay's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action on December 9, 2016, and filed an amended complaint on January 13, 2017. (DEs 1, 5.) Plaintiff filed her motion for summary judgment on May 17, 2017 (DE 13) and the Commissioner filed it cross motion for summary judgment on June 14, 2017. (DE 17.) On March 1, 2018, I entered my Report and Recommendation to deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. (DE 19.)

Also on March 1, 2017, immediately before the Report and Recommendation was entered, Plaintiff filed a document entitled "Plaintiff's Motion for Remand to Consider New Evidence or Alternatively to Allow This Record to be Expanded." (DE 18.) Because the document was incomplete, missing several pages, and incomprehensible as filed, the Court issued an Order on March 7, 2018 striking the filing as incomplete.

3

On March 12, 2018, Plaintiff filed a "Motion for Reconsideration," which the Court has construed as a "Motion for Remand to Consider New Evidence" and referred to me for a Report and Recommendation. (DEs 21, 22.) This Report and Recommendation relates only to Plaintiff's motion to remand under Sentence Six (DE 21).

### B. The Instant Motion

Plaintiff seeks a remand to consider "newly discovered evidence" consisting of a summary of a neuropsychological examination of Plaintiff conducted by Ennis Berker, Ph.D. on April 12, 2017. (DE 21 at 2; DE 21-1.) Plaintiff's counsel states that he has only recently been made aware of Dr. Berker's examination and summary, which occurred after the administrative hearing, and that this evidence therefore is "new." (DE 21 at 7-8.) Plaintiff contends that Dr. Berker's examination and diagnosis summary supports her disability claim "and directly addresses or contradicts the findings of the [ALJ]" and thus is "material." (DE 8-12.) And Plaintiff claims that her "disability interfered with her ability to schedule and obtain a neurological examination before the administrative hearing" and that she thus has demonstrated "good cause" for failing to acquire and introduce the evidence at the administrative hearing. (DE 21 at 12-13.)

### C. Standard

4

"It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The Court can remand for further administrative proceedings pursuant to Sentence Six "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (6th Cir. 1996); 42 U.S.C. § 405(g). For the purposes of a remand under Sentence Six, evidence is new "only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finklestein*, 496 U.S. 617, 626 (1990)).

A claimant satisfies his or her burden of proof as to materiality by demonstrating that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A claimant's condition and treatment subsequent to the date of decision is intrinsically irrelevant. *See Sizemore*, 865 F.2d at 712. Rather, "[t]he evidence must relate 'to the period on or before the date of the administrative law judge hearing decision.'" *See Kerspilo v. Comm'r of Soc. Sec.*, No. 13-CV-14476, 2015 WL 1469461, at *10 (E.D. Mich. Mar. 19, 2015) (citing 20 C.F.R. §

5

404.970(b)). It is well-settled that "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Sizemore*, 865 F.2d at 712).

Finally, a plaintiff must also demonstrate good cause by "giv[ing] a valid reason for his [or her] failure to obtain evidence prior to the hearing." *Oliver*, 804 F.2d at 966 (emphasis added); *see also Foster*, 279 F.3d at 357 ("A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."). The Sixth Circuit takes a "hard line" on the issue of good cause. *Id.*

### D. Analysis

Plaintiff contends that remand under Sentence Six of § 405(g) is necessary so that the ALJ can consider the summary of her April 12, 2017 neuropsychological examination by Dr. Ennis Berker. Plaintiff argues that this examination summary is "new," "material," and that she has "good cause" for failing to obtain this information before her administrative hearing. (DE 21.)

#### 1. "New" evidence

Evidence is "new" if it was "'not in existence or available to the claimant at the time of the administrative proceeding,'" *Foster*, 279 F.3d at 357 (quoting *Sullivan*, 496 U.S. at 626). Plaintiff's April 12, 2017 neuropsychological

6

examination by Dr. Berker post-dates the June 17, 2015 administrative hearing and the July 28, 2015 decision by ALJ McKay by over 20 months, and thus it certainly may be considered "new" because it did not exist at the time of the ALJ's hearing and decision.

### 2. "Material"

Plaintiff must also demonstrate that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *See Sizemore*, 865 F.2d at 711. Plaintiff fails to meet this burden. She instead merely re-states Dr. Berker's "diagnosis, prognosis and recommendations" from the summary, and then conclusorily asserts that Dr. Berker's examination and diagnosis summary "directly addresses or contradicted [sic] the findings of the [ALJ]." (DE 21 at 8-12.) She lists "findings" by the ALJ in her decision, but fails to demonstrate *how* Dr. Berker's April 12, 2017 opinion affects those findings. (*Id.*) In large part, she simply re-alleges many of the same arguments she made in her motion for summary judgment, but she wholly fails to tie any of those arguments to Dr. Berker's more recent examination and summary. (*Id.*)

Plaintiff has failed to meet her burden to demonstrate that Dr. Berker's April 12, 2017 evaluation is "material." First, arguments such as this that are undeveloped may be treated as waived. "[I]ssues adverted to in a perfunctory

7

manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and internal quotation marks omitted); *see also United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Second, the April 12, 2017 neuropsychological examination and summary post-dates the ALJ's July 28, 2015 decision by more than 20 months, and it does not purport to relate back to Plaintiff's condition at the time of the ALJ's decision in this matter. (See, e.g., DE 21-1 at 7 (discussing "[b]ases for the *current* abnormal findings").) It is well-established that "Plaintiff's condition subsequent to the date of the ALJ's decision is intrinsically irrelevant." *See Elms v. Comm'r of Soc. Sec.*, No. 16-10180, 2017 WL 4120097, at *8 (E.D. Mich. Sept. 18, 2017) (doctor's opinions post-dating the ALJ's decision by six months not material) (*citing Sizemore*, 865 F.2d at 712); *Thornton v. Comm'r of Soc. Sec.*, No. 16-11717, 2017 WL 4969352, at *4 (E.D. Mich. may 17, 2017) (finding examination records not material that address plaintiff's condition "some *eighteen months* after the date of the ALJ's decision and give no indication whether (or how) this condition affected her during the relevant period"), *report and recommendation*

*adopted*, 2017 WL 4296605 (E.D. Mich. Sept. 28, 2017); *Emmons v. Comm'r of Soc. Sec.*, No. 2:12-15235, 2014 WL 1304936, at *3 (E.D. Mich. Feb 13, 2014) (denying remand where new evidence did not discuss claimant's condition between the alleged onset date and the date of the ALJ's decision), *report and recommendation adopted*, 2014 WL 1304938 (E.D. Mich. Mar. 31, 2014). Plaintiff fails to address how Dr. Berker's evaluation relates to her condition during the pendency of the proceedings before the ALJ, and to the extent the evaluation reveals a "deterioration or change" in Plaintiff's condition, Plaintiff's remedy is to make a new application for benefits. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial."); *Sizemore*, 865 F.2d at 712.

Third, a review of Dr. Berker's report reveals that it does not address any specific functional limitations, and Plaintiff has failed to explain whether or how this report mandates further restrictions than already found by the ALJ in her decision below. Further, Dr. Berker's various diagnoses do not establish that Plaintiff suffered any specific functional restrictions because it is well established in the Sixth Circuit that "the mere diagnosis of an impairment does not render an individual disabled nor … reveal anything about the limitations, if any, it imposes upon an individual." *See McKenzie v. Comm'r of Soc. Sec.*, No. 99-3400, 2000 WL

9

687680, at *5 (6th Cir. May 19, 2000); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [a condition], of course, says nothing about the severity of the condition."). Further, the statement in the evaluation that Dr. Berker "do[es] not believe that [Plaintiff] can successfully engage in productive employment, and this is clearly consistent with her failed work history" is not a medical opinion entitled to any deference, but is an issue that is reserved to the Commissioner. *See Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010) ("When a treating physician … submits an opinion on an issue reserved to the Commissioner—such as whether the claimant is 'disabled' or 'unable to work'—the opinion is not entitled to any particular weight."); *Mims v. Colvin*, No. 16-10037, 2017 WL 993101, at *5 (E.D Mich. Feb. 3, 2017) ("the determination of whether a claimant is 'disabled' is a determination reserved for the Commissioner, and [the doctor's] opinion that [the claimant] is disabled is not a medical opinion to which the treating physician rule applies."), *report and recommendation adopted*, 2017 WL 1055542 (E.D. Mich. Mar. 21, 2017). Moreover, the above-quoted statement is made in the present tense and tells us nothing about her ability to work during the relevant period.

      Thus, there is no indication that the newly submitted evaluation relates to the period under review, and Plaintiff has failed to explain why or how the evaluation would have reasonably persuaded the ALJ to make a different decision for the

period at issue. Accordingly, Plaintiff has not established that the evaluation is material and she is not entitled to a Sentence Six remand.

### 3. "Good cause"

"Good cause" requires a claimant to demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. As this Court has recognized, good cause "is not established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a 'harder line' on the good cause test." *Thornton*, 2017 WL 4969352, at *5 (citations omitted). "A plaintiff attempting to introduce new evidence 'must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.'" *Id.* (citation omitted).

Plaintiff's assertion of good cause is questionable. Here, Plaintiff asserts that her "disability interfered with her ability to schedule and obtain a neurological examination before her administrative hearings." (DE 21 at 12.) However, a review of the medical records in this case reveals that Plaintiff repeatedly attended treatment for her impairments, at least through June 2015, demonstrating her "ability to obtain medical treatment when necessary." *See Van Heck v. Comm'r of Soc. Sec.*, No. 06-15233, 2008 WL 18008320, at *6 (E.D. Mich. Apr. 21, 2008) (rejecting plaintiff's argument that he could not afford treatment where "the record

11

demonstrates [his] ability to obtain medical treatment when necessary."); *see also Thornton*, 2017 WL 4969352, at *6 (finding plaintiff failed to establish good cause in part because plaintiff sought medical care throughout the time period, despite her claim that she "lacked health insurance or funds to obtain" the consultative examination earlier); *see also Sizemore*, 865 F.2d at 711 n.1 ("There does not appear to be any case law on the question of whether a claimant's poverty would constitute good cause for failure to have previously obtained medical evidence."). Further, to the extent Plaintiff underwent this examination in order to respond to the ALJ's July 28, 2015 determination, "post-decision evidence created for the purpose of 'rebutting' an ALJ's decision does not satisfy the 'good cause' requirement of § 405(g)." *See Curtis v. Comm'r of Soc. Sec.*, No. 16-11062, 2017 WL 957454, at *6 (E.D. Mich. Feb. 21, 2017), *report and recommendation adopted*, 2017 WL 951271 (E.D. Mich. Mar. 9, 2017); *Dimarzo v. Comm'r of Soc. Sec.*, No. 15-14037, 2017 WL 522838, at *5 n.4 (E.D. Mich. Jan. 11, 2017) (citations omitted), *report and recommendation adopted*, 2017 WL 512789 (E.D. Mich. Feb. 8, 2017). In any event, even if Plaintiff established "good cause" for failing to obtain a neuropsychological examination prior to the ALJ's decision, Plaintiff has failed to meet her burden to demonstrate that the examination summary is "material" and her request for a Sentence Six remand should be denied.

### E. Conclusion

In sum, even if Plaintiff can establish that she had good cause for failing to present the evidence at issue to the ALJ prior to her decision in this case, she has failed to show that the evidence presented is material. Rather, where a claimant believes that his or her condition has worsened subsequent to the administrative determination, the remedy is to make a new application for benefits. *Sizemore*, 865 F.2d at 712. If she is right about the importance of this new evidence, she is not without her remedy. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for remand pursuant to Sentence Six of § 405(g) without prejudice to Plaintiff's right to submit a new claim to the Social Security Administration based upon new evidence of claimed disability.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

13

*Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 20, 2018         s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2018, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti