UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER RENEE HAACK,

        Plaintiff,                    Case No. 16-cv-14304

v.                                            Paul D. Borman
                                            United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                  Anthony P. Patti
                                            United States Magistrate Judge

        Defendant.
_____/

<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE PATTI'S
MARCH 1, 2018 REPORT AND RECOMMENDATION (ECF NO. 19),
(2) DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 13),
(3) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 17),
(4) OVERRULING PLAINTIFF'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S MARCH 20, 2018
REPORT AND RECOMMENDATION (ECF NO. 24)
(5) ADOPTING MAGISTRATE JUDGE PATTI'S MARCH 20, 2018
REPORT AND RECOMMENDATION (ECF NO. 23), and
(6) DENYING PLAINTIFF'S MOTION FOR REMAND (ECF NO. 21)</u>

      This matter is before the Court on two separate Report and Recommendations issued by Magistrate Judge Anthony P. Patti: (1) March 1, 2018 Report and Recommendation to Deny Plaintiff's Motion for Summary Judgement and Grant Defendant's Motion for Summary Judgment (ECF No. 19); and (2) March 20, 2018

1

Report and Recommendation to Deny Plaintiff's Motion for Remand Pursuant to Sentence Six of § 405(g) (ECF No. 23). Plaintiff did not file objections to the March 1, 2018 Report but has filed objections to the March 20, 2018 Report. (ECF No. 24, Objections.) Defendant has filed a Response to the Plaintiff's Objections. (ECF No. 25, Response to Objections.)

Having reviewed the March 1, 2018 Report to which no timely objections were filed under 28 U.S.C. § 636(b)(1) and E.D. Mich L.R. 72.1(d), the Court ADOPTS the Magistrate Judge's March 1, 2018 Report, GRANTS Defendant's Motion for Summary Judgment (ECF No. 18), and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17).

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's March 20, 2018 Report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's March 20, 2018 Report, DENIES Plaintiff's Motion for a Sentence Six Remand, and AFFIRMS the findings of the Commissioner.

I.  **BACKGROUND**

Plaintiff initially filed her application for Social Security Disability Insurance ("DIB") Benefits and Supplemental Security ("SSI") Benefits on June 29, 2009, alleging a disability onset date of May 22, 2009. On April 21, 2011Administrative

Law Judge ("ALJ") Poulose issued a decision denying benefits. (ECF No. 19, Transcript of Administrative Proceedings ("Tr.") 165-80.) On August 21, 2012, Plaintiff reapplied for benefits alleging an onset date of April 22, 2011. (Tr. 322-34.) On November 29, 2013, ALJ Melvyn Kalt issued a decision granting Plaintiff a closed period of disability, but that decision was vacated by the Appeals Council and the matter was remanded for *de novo* hearing. (Tr. 215-33, 236-40.)

On June 17, 2015, ALJ Patricia S. McKay held a hearing on remand and determined that Plaintiff, who was represented by counsel at the hearing, had experienced a worsening of her condition since ALJ Poulose issued her decision, resulting in a change in her residual function capacity ("RFC"), but concluded that Plaintiff still was not disabled under the Social Security Act. (Tr. 14-31, 65-164.) On October 27, 2016, the Appeals Council denied Plaintiff's request for a review of ALJ McKay's decision, and Plaintiff timely filed in this Court seeking judicial review of the Commissioner's final decision.

On March 1, 2018, Magistrate Judge Patti issued his Report resolving the parties' cross-motions for summary judgment, recommending the Court grant Defendant's motion and deny Plaintiff's motion. Plaintiff did not file objections to the March 1, 2018 Report. On March 1, 2018, Plaintiff filed a "Motion for Remand to Consider New Evidence or Alternatively to Allow This Record to Be Expanded."

(ECF No. 18.) This filing was incomplete and incomprehensible and the Court issued an Order on March 7, 2018 striking the filing. (ECF No. 20.) On March 12, 2018, Plaintiff filed a document titled "Motion for Reconsideration" with an attached brief entitled "Brief in Support of Plaintiff's Motion for Remand to Consider New Evidence." (ECF No. 21.) The Court construed this filing as a Motion for Remand to Consider New Evidence and referred the motion to Magistrate Judge Patti for a Report and Recommendation. (ECF No. 22.) Plaintiff has expressly stated that she "does not object to the Magistrate construing the [Motion for Reconsideration] as one for a sentence six remand under 42 U.S.C. § 405(g)." (ECF No. 24, Pl.'s Objs. 2, PgID 862.)

On March 20, 2018, Magistrate Judge Patti issued a Report and Recommendation to Deny Plaintiff's Motion for Remand Pursuant to Sentence Six and the Plaintiff has now filed objections to that Report. Defendant has filed a Response to the Objections. The Court concludes, for the reasons discussed below, that the Magistrate Judge correctly resolved the Motion for Remand, and overrules Plaintiff's objections. The ALJ's findings and relevant matters from the administrative record are adequately set forth in the Magistrate Judge's Report and will be referenced in this Opinion and Order as necessary to the Court's analysis of the Plaintiff's Objections.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24,

2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

## III. ANALYSIS

### A. The Motion for Remand is Procedurally Improper

On March 12, 2018, Plaintiff filed a motion seeking a sentence six remand to permit consideration of "newly discovered evidence," which consisted of a summary of an April 12, 2017 Neuropsychological Examination of the Plaintiff conducted by Ennis Berker, PhD.[1] (ECF No. 21, Pl.'s Mot. Remand Ex. A, April 12, 2017 Neuropsychological Examination Summary prepared by Ennis Berker, PhD.) As an initial matter, the Court finds that Plaintiff's motion for a sentence six remand, filed on March 12, 2018, nearly nine months after the parties had submitted their summary judgment motions, and after the Magistrate Judge had issued his March 1, 2018 Report resolving those summary judgment motions, was procedurally improper. *See Wilkins v. Comm'r of Soc. Sec.*, No. 13-12425, 2014 WL 2061156, at *15 (E.D. Mich. May 19, 2014) (finding that "plaintiff's motion for [sentence six] remand, filed after and in addition to her motion for summary judgment, is procedurally improper") (Roberts, J.)

---

[1] The Court's analysis in this Opinion and Order relates solely to the Plaintiff's Objections to the Magistrate Judge's March 20, 2018 Report recommending denial of Plaintiff's motion for a sentence six remand. No objections were filed by either party to the Magistrate Judge's March 1, 2018 Report (ECF No. 19), which the Court has reviewed and adopts in full in this Opinion and Order.

(adopting Report and Recommendation of Hluchaniuk, MJ); *Emmons v. Comm'r of Soc. Sec.*, No. 12-15235, 2014 WL 1304936, at *1 (E.D. Mich. Feb. 13, 2014) (Michelson, MJ) (denying a motion for a sentence six remand, filed after plaintiff had filed a motion for summary judgment, as a procedurally improper second motion for summary judgment), adopted at 2014 WL 1304938, at *2 (E.D. Mich. March 31, 2014). The Court concludes that the Plaintiff's March 12, 2018 Motion to Remand is a procedurally improper second motion for summary judgment.

    **B.    Even Assuming the Motion to Remand Was Procedurally Proper, Plaintiff Has Failed to Demonstrate that the Magistrate Judge Erred in Substantively Denying Plaintiff's Motion for a Sentence Six Remand**

The Court can remand for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Even if Plaintiff's motion for a sentence six remand was not procedurally improper, she has failed to demonstrate that the Magistrate Judge erred in concluding that she substantively failed to carry her burden to establish that the "new evidence" was material and that there was good cause for failing to obtain such evidence earlier.

"For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "Such evidence is "material" only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992). Such evidence is "irrelevant and cannot justify a remand." *Id.* To be "material," evidence must "necessarily speak to [Plaintiff's] condition at the relevant time." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277-78 (6th Cir. 2010) (finding irrelevant and not material evidence of increased psychotic behavior that derived from testing conducted "almost two *years after* the ALJ" held the hearing) (emphasis in original).

"A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. "[T]he burden of showing that a remand is appropriate is on the claimant." *Id.* (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d

964, 966 (6th Cir. 1986)).

1. **Objection Number One**

In Objection One, Plaintiff appears to challenge the Magistrate Judge's determination that Plaintiff failed to demonstrate a reasonable probability that the April 12, 2017 neuropsychological examination summary would have resulted in a different disposition of Plaintiff's disability claim. Plaintiff in essence attempts to reassert her summary judgment argument, which was rejected by both the ALJ and the Magistrate Judge in his March 1, 2018 Report, that Plaintiff's depression was a medically determinable impairment. The majority of Plaintiff's "objection" discusses the same evidence that was already considered by both the ALJ and the Magistrate Judge in concluding that Plaintiff's depression was not a medically determinable impairment and that Plaintiff did not suffer functional limitations in addition to those included by the ALJ in her RFC. This issue was resolved in the Magistrate Judge's March 1, 2018 Report, to which no objections were filed, and which the Court has adopted in this Opinion and Order. The Court will not entertain Plaintiff's "repackaging" of this argument here.

In any event, Plaintiff fails to discuss or demonstrate how Dr. Berker's April 12, 2017 neuropsychological examination summary would have resulted in a different disposition of Plaintiff's disability claim. Indeed, as noted below in the Court's

9

discussion of Plaintiff's second objection, she makes no argument, and offers no analysis in this Objection, as to how the April 12, 2017 neuropsychological examination of the Plaintiff, which occurred nearly two years after ALJ McKay's June 17, 2015 hearing, even relates to Plaintiff's condition at the time of the 2015 hearing and decision. In the April 12, 2017 neuropsychological examination report, Dr. Berker summarizes Plaintiff's past medical history, then sets forth her own test results from her examination of the Plaintiff on April 12, 2017, and summarily concludes that she "do[es] not believe that [Plaintiff] can successfully engage in productive employment, and this is clearly consistent with her failed work history." (Berker Summary 6, PgID 841.) Nothing in the April 12, 2017 neuropsychological examination summary suggests how the results of Dr. Berker's testing relate to Plaintiff's condition at the time of the 2015 administrative hearing and decision nearly two years prior.

In her objections, Plaintiff summarily submits, after summarizing Dr. Berker's examination report, that "this new evidence supports her argument that the ALJ erred in finding that depression was not a medically determinable impairment." (Objs. 6, PgID 866.) However nothing in Dr. Berker's examination summary, or the Plaintiff's objections, suggests how the results of that examination relate to Plaintiff's condition at or around June/July 2015, or how this evidence results in "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if

presented with the new evidence." *Foster*, 279 F.3d at 357 (internal quotation marks and citation omitted). Plaintiff made no effort, either in her motion or her objections, to develop any argument to support this critical aspect of the materiality analysis.

The Magistrate Judge did not err in concluding that Plaintiff failed to meet her burden to demonstrate that there was a reasonable probability that the ALJ would have reached a different disposition had Plaintiff presented her "new evidence" during the relevant period. Plaintiff's first Objection is OVERRULED.

### 2. Objection Number Two

Plaintiff's second objection submits that the Magistrate Judge erred in concluding that Dr. Berker's opinion does not relate back to show Plaintiff's condition at the time of the administrative hearing. (Objs. 6, PgID 866.) In support of this objection, Plaintiff offers one single-sentence observation: "Although Dr. Berker's examination occurred after the ALJ's decision on July 28, 2015, it was consistent with the diagnosis and opinions in Plaintiff's favor at the time." (*Id.*) At most this objection argues that Dr. Berker's opinion is further evidence, thus cumulative in nature, of the argument that has already been rejected by both the ALJ and the Magistrate Judge in his March 1, 2018 Report. This perfunctory statement fails to carry Plaintiff's burden to establish materiality. As discussed *supra*, nothing in Dr. Berker's April 12, 2017 neuropsychological examination summary suggests how the results of her 2017

11

examination relate back to Plaintiff's condition at or around June/July 2015. Plaintiff makes no argument, and offers no analysis in this Objection, as to how the April 12, 2017 neuropsychological examination of the Plaintiff, which occurred nearly two years after ALJ McKay's June 17, 2015 hearing, relates to Plaintiff's condition at the time of the 2015 hearing and decision.

The Magistrate Judge did not err in concluding that the Plaintiff failed to establish that the April 12, 2017 neuropsychological examination related back to her condition at the time of the ALJ's hearing and decision in this matter. Plaintiff's second objection is OVERRULED.

### 3. Objection Number Three

Plaintiff objects to the Magistrate Judge's conclusion that the April 12, 2017 neuropsychological examination did not address Plaintiff's specific functional limitations or her ability to work during the relevant period. But Plaintiff's objection does not even attempt to demonstrate what specific functional limitations were addressed in the April 12, 2017 neuropsychological examination, nor explain how any of the findings in the April 12, 2017 neuropsychological examination mandate further restrictions than those already accounted for by the ALJ in her decision. As the Magistrate Judge correctly observed, "[t]he mere diagnosis of [a condition], of course, says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863

(6th Cir. 1988) (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988) (diagnosable impairment not necessarily disabling)). And the Magistrate Judge correctly determined that Dr. Berker's "opinion" that Plaintiff "cannot successfully engage in productive employment," is (1) stated in the present tense with no evidence that it relates to the relevant 2015 period, and (2) opines on an issue expressly reserved to the Commissioner, i.e. whether Plaintiff is "disabled" or "unable to work," and therefore is entitled to no particular weight. (Report 9-10, PgID 855-56.)

Plaintiff objects to the Magistrate Judge's finding that the April 12, 2017 neuropsychological examination did not address Plaintiff's specific limitations or her ability to work during the relevant period, but Plaintiff completely fails to demonstrate how that was error or how the April 12, 2017 neuropsychological examination does in fact address specific limitations. There was no error and the Plaintiff's Third objection is OVERRULED.

### 4. Objection Number Four

Plaintiff objects to the Magistrate Judge's finding that Plaintiff did not have good cause for failing to obtain the April 12, 2017 neuropsychological examination earlier. (Objs. 8-9, PgID 869-70.) In support of this objection, Plaintiff states that she "can only argue that the evidence produced at the hearing shows" that she is unable to perform everyday tasks on her bad days. (*Id*.) But Plaintiff offers no explanation as

13

to how this "evidence" demonstrates good cause for her failure to seek an opinion from Dr. Berker earlier. As the Magistrate Judge correctly observed in his Report, "a review of the medical records in this case reveals that Plaintiff repeatedly attended treatment for her impairments, at least through 2015, demonstrating her 'ability to obtain medical treatment when necessary.'" (March 20, 2018 Report 11-12, PgID 857-58 (quoting *Van Heck v. Comm'r of Soc. Sec.*, No. 06-cv-15233, 2008 WL 1808320, at *6 (E.D. Mich. Apr. 21, 2008) and collecting cases).

Plaintiff fails to demonstrate how the Magistrate Judge erred in reaching the conclusion that Plaintiff did not carry her burden of establishing good cause. Plaintiff's fourth objection is OVERRULED.

## IV. CONCLUSION

Plaintiff has failed to demonstrate that the Magistrate Judge erred in reaching the conclusions in his March 20, 2018 Report that Plaintiff has failed to demonstrate the materiality of the April 12, 2017 neuropsychological examination and failed to establish good cause for not having obtained the neuropsychological examination during the relevant 2015 time period. Even if Plaintiff was able to establish good cause, she must demonstrate both materiality and good cause, and she has failed to demonstrate the former. As the Magistrate Judge noted in his March 20, 2018 Report, "where a claimant believes that his or her condition has worsened subsequent to the

administrative determination, the remedy is to make a new application for benefits." (March 20, 2018 Report 13, PgID 859) (citing *Sizemore*, 865 F.2d at 712).

Accordingly, it is ORDERED that:

1) Magistrate Judge Patti's March 1, 2018 Report and Recommendation (ECF No. 19) is ADOPTED;

2) Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED;

3) Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED;

4) Plaintiff's Objections (ECF No. 24) are OVERRULED;

5) Magistrate Judge Patti's March 20, 2018 Report and Recommendation (ECF No. 23) is ADOPTED;

6) Plaintiff's Motion for Remand (ECF No. 21) is DENIED without prejudice to Plaintiff's right to submit a new claim to the Social Security Administration based upon new evidence of claimed disability; and

7) The findings of the Commissioner are AFFIRMED.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2018.

s/Deborah Tofil<br>Case Manager